United States District Court
Southern District of Texas
**ENTERED**
January 09, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **FREDERICK DWAYNE DYER** § | |
| § | |
| **Plaintiff,** § | |
| VS. § | |
| § | **MISC ACTION NO. 7:13-MC-0978** |
| **BOARD OF PARDONS AND PAROLES** § | |
| § | |
| **Defendant.** § | |
| § | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding pro se, filed a motion to proceed in forma pauperis ("IFP") without an attached proposed complaint. (Dkt. No. 1). United States Magistrate Judge Dorina Ramos issued a notice of deficiency and ordered Plaintiff to file a proposed complaint setting forth his claims. (Dkt. No. 2).

Plaintiff filed a proposed "complaint" in which he requests to join a class action lawsuit, *Ahmad v. Board of Pardons & Paroles*.[1] (Dkt. No. 4). Plaintiff includes a handwritten copy of the complaint filed in the suit Plaintiff wishes to join. (*Id.*). Movant explains that he was unavailable to sign his name on the original complaint in Case No. 7:13-CV-627.[2] (*Id.*). The undersigned finds that Movant's filing should be construed as a motion to join.

Regarding the class action suit identified by Plaintiff, this § 1983 suit was dismissed, and the motion for class certification was denied. That plaintiff argued that giving prisoners "false hope" of release on parole was equivalent to cruel and unusual punishment. *See* Report and

---

[1] Plaintiff provides the suit's miscellaneous case number, which was replaced with civil case number 7:13-CV-627.

[2] A review of the complaint filed in this case shows that there may have been some intent to include Plaintiff as a party. The complaint lists four other prisoner's names with signatures. *See* Complaint at 7, *Ahmad v. Board of Pardons & Paroles*, No. 7:13-CV-627 (S.D. Tex. Nov. 12, 2013). Plaintiff's name is included on this list, but there is no signature next to his name and his printed name has been stricken.

Recommendation, *Ahmad v. Board of Pardons & Paroles*, No. 7:13-CV-627 (S.D. Tex. June 3, 2016). Magistrate Judge Ramos noted that the claim presented was meritless because the Fifth Circuit already rejected the argument that disappoint or distress stemming from being denied parole is equivalent to "cruel and unusual punishment." *Id.* at 3. Ultimately, because the plaintiff in that action had been released, the magistrate judge reasoned that the suit was moot and recommended that the action be dismissed without prejudice. *Id.* at 3-4. Additionally, the magistrate judge recommended that the motion for class certification be denied as moot, because the claim presented was frivolous and there was no need to reach the issue of class certification. *Id.* at 4.

United States District Judge Randy Crane adopted the Report and Recommendation in its entirety, dismissing the suit without prejudice and denying the motion for class certification. *See* Order Adopting Report and Recommendation, *Ahmad v. Board of Pardons & Paroles*, No. 7:13-CV-627 (S.D. Tex. Mar. 8, 2017).

As such, because the case was dismissed and was never certified as a class action, there is no suit for Plaintiff to join. The undersigned recommends that Plaintiff's filing construed as a motion to join (Dkt. No. 4) be **DENIED** as moot and Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 1) be **DENIED** as moot. It is further recommended that the case be **DISMISSED** without prejudice and the miscellaneous action be closed.

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Plaintiff's filing construed as a motion to join (Dkt. No. 4) be **DENIED** as moot and Plaintiff's motion to proceed in forma pauperis (Dkt. No. 1) should be **DENIED** as moot. It is further

recommended that this case be **DISMISSED** without prejudice and the miscellaneous action be closed.

## *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 8th day of January, 2019, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge